# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TERENCE M. GUNDERSON,<br><br>      Petitioner,<br><br>vs.<br><br>ELEANOR BROWN,<br><br>      Respondent. | No. C06-0119-LRR<br><br>ORDER |

This matter is before the court pursuant to its order dated September 21, 2006. In that order, the court directed the respondent to file an answer to the application for a writ of habeas corpus by no later than November 21, 2006. The Clerk's Office sent the petitioner's application for a writ of habeas corpus to Eleanor Brown, that is, the named respondent, at the Gerald Hinzman Center, that is, the place where the petitioner states that he is confined. Nonetheless, the mail sent by the Clerk's Office was returned as undeliverable because Eleanor Brown is not located at the Gerald Hinzman Center. Clearly, the petitioner improperly named Eleanor Brown as the respondent. 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). The petitioner should have named the person having custody over him as the respondent. If

he desires to pursue this matter, the petitioner is directed to name the proper respondent by no later than October 25, 2006.

Moreover, it appears from the record that, on or about October 3, 2006, the petitioner would have received the relief, that is, being placed in home confinement, that he requested in his application for a writ of habeas corpus. Thus, the petitioner's application for a writ of habeas corpus is most likely moot. If he desires to pursue this matter, the petitioner is directed to inform the court as to his current status, that is, whether he is currently in home confinement, and to explain why his application for a writ of habeas corpus is not moot by no later than October 25, 2006.

In the event that the petitioner does not name the correct respondent or answer the court's inquiries, the instant action may be dismissed for failing to respond to a court order. *See* Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994); *Omaha Indian Tribe v. Tract I - Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986); *cf.* L.R. 41.1(b).

**IT IS SO ORDERED.**
**DATED** this 18th day of October, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA